# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

GEORGE W. CRANNELL, APPELLANT, v. EDWIN D. COM-
STOCK, RESPONDENT.

*Jurisdiction of County Court — to retry cause on appeal from Justice's Court — where the amount involved in the Justice's Court exceeded its jurisdiction — the appeal not having been taken upon questions of law.*

APPEAL from an order of the Oneida County Court granting a motion made by defendant, on a case containing exceptions, to set aside a verdict in favor of the plaintiff and for a new trial. The action was commenced in a Justice's Court, where a judgment was rendered upon a verdict in favor of the defendant, and the plaintiff appealed to the County Court. In the Justice's Court the plaintiff's complaint was for work and materials, and the amount claimed by him was $115.50. The defendant pleaded a set-off for goods sold and delivered to the plaintiff to the value of $3,000, for which sum he claimed judgment. Both parties introduced evidence before the justice in support of their respective claims, and the jury rendered a verdict in favor of the defendant for forty-three dollars and sixty-five cents. The notice of appeal to the County Court alleged, as grounds of appeal, that the jury erred in not rendering a verdict in favor of the plaintiff; that the verdict and judgment were unsupported by the evidence, and that on the whole evidence the defendant was not entitled to a verdict. A new trial was had in the County Court on appeal, where the plaintiff recovered a verdict for forty-five dollars, which that court, on motion, set aside. The appeal papers did not show on what ground the County Court set aside the verdict.

The court at General Term said : " The respondent's counsel contends that neither the Justice's Court nor the County Court had jurisdiction of this action because the sum total of the accounts of both parties exceeded $400.   If the County Court had not jurisdiction, that part of the order appealed from which grants a new trial is erroneous and should be reversed.   But we think that court had jurisdiction on the appeal to try the cause and render judgment, although it may have appeared on the trial in that court that the sum total of the accounts proved exceeded $400.   The County Court had nothing to do with the question whether the justice erred in holding that he had jurisdiction.   The appeal was not taken upon questions of law.   It did not bring up the testimony taken before the justice, and the County Court had no means of determining whether the accounts proved before the justice exceeded $400.   The appeal brought up the issues of fact joined in the court below to be tried anew in the appellate court, and the jurisdiction of the appellate court for all the purposes of the trial and judgment was the same as if the action had been commenced in that court originally."

*R. O. Jones,* for the appellant.   *Lindsley & Dunmore,* for the respondent.

Opinion by SMITH, J.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Order of County Court affirmed.